1  TREVOR R. PINCOCK WSBA #36818
2  CHARLES HAUSBERG WSBA #50029
   LUKINS & ANNIS, P.S.
3  1600 Washington Trust Financial Center
   717 W Sprague Ave
4  Spokane, WA  99201-0466
   Telephone: (509) 455-9555
5  Facsimile: (509) 747-2323
6  E-mail: tpincock@lukins.com;
7          chausberg@lukins.com
8  Attorneys for Patrick K. Willis Company, Inc.

9              IN THE UNITED STATES DISTRICT COURT
10          FOR THE EASTERN DISTRICT OF WASHINGTON

11 PATRICK K. WILLIS COMPANY,          NO.
   INC., a California corporation,
12                          Plaintiff,  COMPLAINT
13
14     v.
15 PRIME INSURANCE COMPANY, an         **JURY DEMAND**
   Illinois corporation,
16                          Defendants.
17
18

19     Plaintiff Patrick K. Willis Company, Inc. ("PK Willis"), by and through its

20 attorneys of record, Lukins & Annis, P.S., hereby complains and alleges as

21
22 follows.  PK Willis demands a trial by jury for all claims in this matter.

23
24                          **I. PARTIES**

25     1.1    Plaintiff PK Willis is a California corporation that conducts business

26 in Washington.

COMPLAINT:  1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

10/15/21

1.2     On information and belief, Defendant Prime Insurance Company ("Prime") is an Illinois corporation that conducts business in Washington.

## II. JURISDICTION AND VENUE

2.1     PK Willis re-alleges the preceding paragraphs as though fully set forth herein.

2.2     This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.3     This Court has personal jurisdiction over Prime because it conducts business in the State of Washington, including within the Eastern District of Washington.

2.4     Venue is proper in this judicial district pursuant to, *inter alia*, 28 U.S.C. § 1391.

## III. FACTS

3.1     PK Willis re-alleges the preceding paragraphs as though fully set forth herein.

3.2     PK Willis offers, among other things, nationwide asset recovery services to lenders.  As part of these services, PK Willis contracts with different local companies around the country to effectuate car repossessions. One such local

COMPLAINT: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

10/15/21

company that PK Willis contracts with is Auto Trackers and Recovery North LLC ("Auto Trackers").

3.3    PK Willis and Auto Trackers entered into a relationship regarding car repossessions in eastern Washington and northern Idaho.  The relationship was governed by a Master Service Agreement.

3.4    Pursuant to the Master Service Agreement, Auto Trackers was responsible to maintain insurance policies and coverage, including but not limited to commercial general liability insurance, automobile liability insurance, garage-keepers liability (direct primary) insurance, on-hook & drive away physical damage insurance, workers' compensation and employers liability insurance, and wrongful repossession / errors and omissions insurance.

3.5    Pursuant to the Master Service Agreement, Auto Trackers was also required to specifically list PK Willis as an additional insured on its insurance policies.

3.6    Auto Trackers procured insurance through Prime, including for the policy period beginning on July 1, 2018 and ending on July 1, 2019.

3.7    For the policy period that ran from July 1, 2018 to July 1, 2019, PK Willis received a certificate of insurance indicating that PK Willis was an additional insured on the Prime policy procured by Auto Trackers.

COMPLAINT:  3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

10/15/21

3.8    In approximately April of 2019, PK Willis was hired to repossess a vehicle that was purchased/leased by Lucas Chaney and his family (the "Chaneys").  The vehicle was located in Spokane County, Washington.

3.9    In turn, PK Willis hired Auto Trackers to effectuate the repossession.

3.10   On or about April 29, 2019, Auto Trackers took steps to effectuate the repossession and its tow truck driver got into an altercation with the Chaneys outside of their residence in Spokane County.

3.11   The Chaneys' vehicle was ultimately repossessed that day after the police arrived on the scene.

3.12   During the altercation and attempted repossession, the Chaneys allegedly suffered various injuries.  The Chaneys also alleged that Auto Trackers had wrongfully repossessed their vehicle subsequent to the altercation.

3.13   The Chaneys filed a lawsuit in the United State District Court for the Eastern District of Washington against Auto Trackers and PK Willis, as well as the client that hired PK Willis, for the actions that occurred on or about April 29, 2019. In their lawsuit (hereinafter the "Chaney Lawsuit"), the Chaneys made claims for, *inter alia*, wrongful repossession and false imprisonment.

3.14   The insurance policy issued by Prime (for which Auto Trackers was insured and for which PK Willis was an additional insured) covered the claims

COMPLAINT:  4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

10/15/21

asserted by the Chaneys in the above-mentioned lawsuit.  Among other things, the claims are covered by the Wrongful Repossessions coverage party of the insurance policy, which covers claims (which include lawsuits) resulting from: (1) the actual or alleged violation of federal or state law relating to debt collection practices; (2) the use of threats, harassment, or intimidation; (3) an error or omission in executing a contract for repossession; (4) the violation of a bankruptcy stay; (5) Personal Injury; (6) trespass; or (7) conversion of property.  This coverage part defines "Personal Injury" as, *inter alia*, "[f]alse arrest, detention, or imprisonment."

3.15   The Prime insurance policy also provided that, for any claim that Prime defended, Prime would pay, among other things, "Costs of Suit pursuant to statute or order of court after verdict is entered against the Insured in the Suit[.]"

3.16   The Prime insurance policy also includes an Additional Insured Endorsement, which "extends to cover the Additional Insured for allegations of liability based upon alleged, actionable conduct of the Insured[.]"

3.17   The Court presiding over  the Chaney Lawsuit specifically found that the Chaneys' claims "arise from or relate to Defendant Auto Trackers' conduct."

COMPLAINT:  5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

3.18    After being served with the Chaney Lawsuit, in August of 2019 PK Willis tendered defense and indemnity to Auto Trackers and Prime for both itself and its client.

3.19    In September and October of 2019 Prime sent PK Willis letters stating that it was agreeing to defend PK Willis under a reservation of rights, but would not offer a defense to PK Willis's client.

3.20    Despite its representations, Prime did not take any steps to provide a defense to PK Willis for nearly a year.  Prime eventually appointed defense counsel for PK Willis, who entered a notice of appearance in the Chaney Lawsuit on August 12, 2020.

3.21    On information and belief, Auto Trackers tendered the defense and indemnity of the Chaney Lawsuit to Prime.

3.22    Prime provided Auto Trackers with a defense under a reservation of rights in the Chaney Lawsuit and appointed defense counsel for Auto Trackers.

3.23    Despite its defense under a reservation of rights, Prime took no steps to file a declaratory judgment action regarding its reservations or any coverage position in 2019, 2020, or the first half of 2021.  Instead, Prime let the Chaney Lawsuit continue forward without seeking determination over any insurance coverage issues or the assertions contained in its reservation of rights letters.

COMPLAINT:  6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.24    PK Willis filed cross-claims against Auto Trackers in the Chaney Lawsuit based on Auto Trackers' defense and indemnity obligations.  Among other things, PK Willis alleged that Auto Trackers had a duty to defend and indemnify PK Willis and its client for the claims asserted in the Chaney Lawsuit.  Auto Trackers denied that it had any such obligations but, at the same time, on information and belief, Auto Trackers was attempting to ensure that Prime assumed these obligations.  Prime defended Auto Trackers with regard to PK Willis's cross claims.

3.25    The Chaney Lawsuit continued moving forward. As it did, the defendants' liability—all of which arose out of Auto Trackers' actions—started to become clear through the discovery process.

3.26    All parties to the Chaney Lawsuit agreed to pursue mediation.  To this end, Prime specifically authorized mediation to take place and represented that it would participate in mediation along with its insureds (Auto Trackers and PK Willis).

3.27    Mediation took place on November 19, 2020.  To the surprise of its PK Willis and Auto Trackers, Prime made statements at mediation that it was unwilling to meaningfully negotiate on their behalf.  Indeed, Prime stated during— and immediately after—mediation that it would pay only $10,000 to settle the

COMPLAINT:  7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Chaneys' claims on behalf of its insureds. It never deviated from this number despite the Chaneys' pre-mediation demand of $500,000, which indicated that a $10,000 settlement was not remotely reasonable.

3.28    Prime then made no further settlement efforts for months.

3.29    The Chaney Lawsuit thus continued to move along, with liability for PK Willis and Auto Trackers (based on Auto Trackers' conduct) becoming even clearer, including after the Court issued an order on summary judgment concluding that all of the Chaneys' claims against PK Willis and its client—including claims for vicarious liability—could proceed to trial. In particular, the deposition of Auto Trackers' tow truck driver, who was involved in the altercation with the Chaneys, demonstrated the significant likelihood of an adverse ruling against the defendants.

3.30    In addition, the Court's order on summary judgment found that Auto Trackers was liable for PK Willis's cross claims because of its failure to provide a defense to PK Willis's client. On information and belief, this failure to provide a defense was the direct result of Prime's conduct (i.e., its refusal to provide a defense for PK Willis's client).

3.31    The parties to the Chaney Lawsuit agreed to attempt a second mediation, which took place on August 20, 2021. The second mediation was held with the express permission of Prime, as well as express statements that Prime

COMPLAINT:  8

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

would participate in the mediation in good faith on behalf of its insureds. At the same time, leading up to the mediation, Prime demanded that its insureds (PK Willis and Auto Trackers) contribute their own funds to any settlement.

3.32   Prime further threatened its insureds to try to force them to contribute their own funds to a mediated settlement by, *inter alia*, stating that Prime would file a lawsuit regarding insurance coverage if the second mediation was not successful. In other words, Prime used the threat of additional litigation—with trial in the Chaney lawsuit less than two months away—to try to force PK Willis and Auto Trackers to use their own funds in any settlement.

3.33   Prime also refused to take responsibility for Auto Trackers' liability on PK Willis's cross-claims despite the Court's order on summary judgment. This occurred after, inter alia, Auto Trackers' counsel articulated the basis for Prime's obligation to pay the costs (including attorneys' fees) for PK Willis's cross claims under the insurance policy.

3.34   Leading up to the second mediation, counsel appointed by Prime had discussions with the mediator regarding the upcoming mediation. Those discussions suggested to Prime that the Chaneys' claims could be settled for approximately $300,000.

COMPLAINT: 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.35   Significantly, PK Willis's and Auto Trackers's defense counsel appointed by Prime also made settlement recommendations, including a recommendation that settling the Chaneys' claims for $300,000 was reasonable and advisable.

3.36   However, when the second mediation occurred on August 20, 2021, Prime again refused to pay more than $10,000 to settle the Chaneys' claims against PK Willis and Auto Trackers.  This was the same position that Prime had taken nearly a year earlier.  And Prime knew that a settlement offer of $10,000 was wholly inconsistent with the recommendations of defense counsel it appointed for both PK Willis and Auto Trackers, as well as the prior discussions with the mediator.  At the second mediation, Prime continued to demand that PK Willis and Auto Trackers fund the vast majority of any settlement with their own money.  Prime refused to make an offer in excess of $10,000 per insured during the second mediation.

3.37   After Prime refused to do anything meaningful to reach a settlement at the second mediation, counsel for PK Willis negotiated with the Chaneys and requested a settlement offer.  In response, the Chaneys extended a settlement offer pursuant to which, *inter alia*, they would settle all of their claims in the Chaney Lawsuit for $275,000.

COMPLAINT:  10

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

10/15/21

3.38    The Chaneys' settlement offer was shared with Prime by both PK Willis's separate counsel and the attorney that Prime appointed to defend PK Willis.  Notably, on August 23, 2021, PK Willis's defense counsel appointed by Prime noted that the demand was $25,000 less than what she had previously recommended.  She also told Prime, among other things, that "[a]n adverse jury verdict could very well exceed $500,000, not including attorneys' fees and costs." Further, she stated that "we believe a $275,000 global settlement would be favorable to the defense and, as such, recommend resolving Plaintiffs' claims at this time."

3.39    That same day, PK Willis's separate counsel demanded that Prime agree to settle the claims against its insureds for $275,000—a number below the applicable policy limits.  PK Willis's separate counsel informed Prime that "Auto Trackers and PK Willis face serious peril if this matter proceeds to trial" and that under the circumstances of the case, "Prime has a duty to protect its insureds and their interests.  More specifically, Prime has a duty to reasonably settle Plaintiffs' claims within policy limits."

3.40    Despite the above communications, among others, that encouraged Prime to agree to settle the Chaney Lawsuit, Prime refused to do so.  Prime refused

COMPLAINT:  11

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

to meaningfully engage in any settlement negotiations that would resolve the claims against its insureds in the Chaney Lawsuit.

3.41    Prime's conduct forced PK Willis to continue negotiations with the Chaneys and with Auto Trackers in an attempt to resolve the claims in the Chaney Lawsuit and PK Willis' cross-claims against Auto Trackers.

3.42    As a result of Prime's conduct and the significant risk of a larger adverse jury verdict, PK Willis ultimately agreed to fund a settlement with the Chaneys in the Chaney lawsuit for $273,000.  Prior to this agreement, PK Willis's separate counsel informed Prime of the Chaneys' offer to settle for $273,000 and the timeframe in which it could be accepted.  Prime failed to respond or agree to this settlement offer.  PK Willis and Auto Trackers also agreed to the entry of a stipulated judgment against Auto Trackers for $334,650.00.  PK Willis and Auto Trackers further agreed that the amount of a stipulated judgment could be a different sum following a reasonableness hearing.  The agreement between PK Willis and Auto Trackers also included the assignment of all of Auto Trackers' claims, rights, suits, actions, and causes of action that Auto Trackers may have against Prime that concerns, in any way, Auto Trackers' insurance rights and status in the Chaney Lawsuit.

COMPLAINT:  12

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3.43   In all, Prime's conduct forced PK Willis and Auto Trackers into a situation wherein they could either attempt to settle the Chaney Lawsuit themselves or else face a significantly higher adverse jury verdict.

3.44   PK Willis brings the instant suit based on its own rights against Prime, as well as the rights that have been assigned to it by Auto Trackers.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### BAD FAITH / VIOLATION OF DUTY OF GOOD FAITH

4.1     PK Willis re-alleges the preceding paragraphs as though fully set forth herein.

4.2     Pursuant to contract, statutes, regulations, and common law, Prime had a duty to act in good faith.

4.3     Prime's conduct, as set forth above, is violative of RCW 48.01.030, which imposes upon all individuals involved in the business of insurance, a duty to act in good faith, abstain from deception, and practice honesty and equity in all insurance matters.  Prime's conduct is also violative of its duty to act in good faith under the common law.

4.4     Prime's conduct as described above, including its refusal to take actions to negotiate in good faith and make attempts to settle claims against its insureds within policy limits, amounted to a breach of its statutory and common

COMPLAINT:  13

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

law duties of good faith owed to both PK Willis and Auto Trackers. Prime's acts of bad faith include, but are not limited to, its improper and unreasonable investigation, claims-handling process, failure to communicate, failure to act promptly, failure to act reasonably in considering/analyzing the relevant facts and law, failure to settle claims against its insureds within policy limits, and putting its own interests above those of its insureds.

4.5    Prime's acts of bad faith estop Prime from relying upon the terms and conditions of its insurance policy issued to Auto Trackers.

4.6    Due to Prime's bad faith, Prime is estopped and prevented from denying coverage to PK Willis and Auto Trackers and asserting any related defenses to the claims set forth herein.

4.7    As a direct and proximate result of Prime's acts of bad faith, PK Willis in its own capacity and as an assignee of Auto Trackers' rights, has been damaged in an amount to be proven at trial.

4.8    After a reasonableness hearing in the Eastern District of Washington, the stipulated judgment between PK Willis and Prime will be the presumed to be the minimum amount of damages sustained by the PK Willis, and is binding upon Prime. In addition or in the alternative, PK Willis has a right to recover damages even in the absence of any finding of coverage by estoppel.

COMPLAINT:  14

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

4.9     PK Willis is also entitled to an award of its reasonable costs and attorney fees as provided by law based on Prime's breach of its statutory and common law duties of good faith.

## SECOND CAUSE OF ACTION:
## VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86 ET SEQ.)

4.10    PK Willis re-alleges the preceding paragraphs as though fully set forth herein.

4.11    Prime wrongfully refused to properly defend PK Willis and Auto Trackers under the insurance policy that it issued to Auto Trackers.  Prime's actions in refusing to properly defend PK Willis and Auto Trackers in the Chaney Lawsuit constitute unfair or deceptive acts or practices in trade or commerce.  The acts/practices affect the public interest.  Prime's acts/practices constitute violations of RCW 19.86, et seq., the Washington State Consumer Protection Act.

4.12    Prime's actions also constitute violations of Washington's fair claims settlement regulations (codified at WAC 284-30 et. seq.) including:

a.      Misrepresenting pertinent facts or insurance policy provisions. (WAC 284-30-330(1));

COMPLAINT:  15

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

b.      Failing to acknowledge an act reasonably promptly upon communications with respect to claims arising under insurance policies. (WAC 284-30-330(2));

c.      Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies. ((WAC 284-30-330(3));

d.      Refusing to pay claims without conducting a reasonable investigation. (WAC 284-30-330(4));

e.      Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted. ((WAC 284-30-330(5));

f.      Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear. (WAC 284-30-330(6));

g.      Compelling a first-party claimant to initiate or submit to litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings. (WAC 284-30-330(7));

COMPLAINT:  16

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

10/15/21

h.      Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. (WAC 284-30-330(13));

i.      Misrepresentation of policy provisions. (WAC 284-30-350);

j.      Failing within 10 working days to acknowledge receipt of the notice of the claim. (WAC 284-30-360);

k.      Failure, after 15 working days after receipt of the insurer of fully completed or executed proofs of loss, to notify its insureds whether the claim has been accepted or denied. (WAC 284-30-380);

l.      Failure to provide grounds of a specific policy provision, condition or exclusion in its denial of coverage or a duty to defend to its insureds. (WAC 284-30-380(1));.

4.13    The regulatory violations identified in the previous paragraph all constitute per se violations of the Consumer Protection Act pursuant to Washington law.

4.14    As a result of Prime's conduct, PK Willis was injured in its business or property.  Prime's conduct was the proximate cause of the injury to PK Willis.

4.15    In its own capacity, as well as by virtue of Auto Trackers' rights, PK Willis is entitled to judgment against Prime pursuant to the Washington Consumer

COMPLAINT:  17

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

10/15/21

1
2
3
4

Protection Act, to recover actual damages sustained, trebled as provided by RCW

Chapter 19.86, et. seq., as well as an award of reasonable costs and attorney fees as

provided by that statute.

5
6

### THIRD CAUSE OF ACTION:
### NEGLIGENCE

7
8
9

4.16    PK Willis re-alleges the preceding paragraphs as though fully set forth

herein.

10
11
12
13
14

4.17    Prime had a duty to act reasonably in, among other things, handling,

investigating, and making decisions regarding the defense of PK Willis and Auto

Trackers—including but not limited to making reasonable and good faith

settlement efforts within policy limits.

15
16

4.18    Through the conduct described above, Prime breached its duty of care.

17
18
19

4.19    As a direct and proximate result of Prime's negligence, PK Willis, in

its own capacity and as an assignee of Auto Trackers' rights, has been damaged in

an amount to be proven at trial.

20
21

### FOURTH CAUSE OF ACTION:
### COVERAGE BY ESTOPPEL

22
23
24

4.20    PK Willis re-alleges the preceding paragraphs as though fully set forth

herein.

25
26

COMPLAINT:  18

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4.21   Due to Prime's bad faith, Prime is estopped and prevented from denying coverage to PK Willis and/or Auto Trackers and asserting any related defenses to the claims asserted herein.

4.22   Due to Prime's bad faith, Prime is liable for all damages suffered by PK Willis in its own capacity and/or in its capacity as an assignee of rights from Auto Trackers.

## FIFTH CAUSE OF ACTION:
## DAMAGES/FEES PURSUANT TO THE OLYMPIC STEAMSHIP DOCTRINE

4.23   PK Willis re-alleges the preceding paragraphs as though fully set forth herein.

4.24   PK Willis is entitled to damages, as well as attorneys' fees and costs, pursuant to the Washington State Supreme Court's decision in *Olympic Steamship v. Centennial Ins. Co.* and its progeny because it has been forced to litigate with Prime over the benefits to which it and Auto Trackers were entitled under the insurance policy at issue, including but not limited to defense and indemnity.

## SIXTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT

4.25   PK Willis re-alleges the preceding paragraphs as though fully set forth herein.

COMPLAINT: 19

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1

2

3

4

4.26    A dispute has arisen between PK Willis and Auto Trackers, on the one

hand, and Prime, on the other hand, regarding insurance coverage for both PK

Willis and Auto Trackers under the applicable Prime insurance policy.

5

6

7

8

4.27    The dispute is substantial, immediate, and concrete in that Prime has

taken the position that it has no duties to either Auto Trackers or PK Willis under

the applicable insurance policy.

9

10

11

12

13

4.28    The dispute affects the rights of the parties.

4.29    Therefore, pursuant to the Uniform Declaratory Judgements Act, 28

U.S.C. § 2201 *et seq.*, and RCW 7.24.020 *et seq.*, the parties' rights and obligations

under the insurance policy should be declared and set forth by the Court.

14

15

16

17

4.30    The court should declare and set forth that there PK Willis and Auto

Trackers are covered under the Prime insurance policy with regard to the claims

asserted in the Chaney lawsuit.

18

19

**DEMAND FOR JURY**

20

PK Willis hereby demands a jury trial.

21

**PRAYER FOR RELIEF**

22

23

WHEREFORE, PK Willis demands judgment as follows:

24

1.  For an award of damages against Prime in amounts to be proven at trial;

25

26

COMPLAINT:  20

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

2. For treble damages as allowed pursuant to the Washington Consumer Protection Act.

3. For an order and/or judgment that Prime is estopped and prevented from denying coverage.

4. For attorneys' fees and costs as provided by law, including but not limited to the *Olympic Steamship* doctrine, the Washington Consumer Protection Act, and the tort of insurance bad faith.

5. A declaration consisted with paragraphs 4.25-4.30, above.

6. For such other relief as the Court deems just and equitable.

7. PK Willis reserves the right to amend this Complaint.

DATED this 15th day of October, 2021.

LUKINS & ANNIS, P.S.

By: /s/ Trevor R. Pincock
TREVOR R. PINCOCK, WSBA #36818
CHARLES HAUSBERG, WSBA #50029

Attorneys for Plaintiff

COMPLAINT: 21

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

10/15/21