FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK K. WILLIS COMPANY, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIME INSURANCE COMPANY, an Illinois corporation,<br><br>    Defendant. | No. 2:21-CV-000298-SAB<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Defendant's Motion for Partial Summary Judgment, ECF No. 61, and Plaintiff's Motion for Summary Judgment, ECF No. 64. A hearing on the motion was held on April 18, 2025, by videoconference. Plaintiff was represented by Charles Hausberg and Michael Maurer. Defendant was represented by Eliot Harris, Miranda Russell, and Linda Clapham.

Defendant Prime Insurance Company ("Prime") asks the Court to dismiss Plaintiff Patrick Willis Company, Inc.'s ("PK Willis") extra-contractual claims for (1) Common law bad faith; (2) Breach of the Washington Consumer Protection Act (the "CPA"); (3) Negligence; (4) Coverage by estoppel; (5) Breach of the Washington Insurance Fair Conduct Act ("IFCA"); and (6) *Olympic Steamship* legal fees and costs. It asserts it reasonably investigated and handled claims made against PK Willis and Auto Trackers, including defending both Auto Trackers and

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 1**

PK Willis with a defense under a reservation of rights.

Plaintiff PK Willis argues the undisputed facts in this case demonstrate that Defendant Prime refused to use good faith efforts to settle a lawsuit against PK Willis and Auto Trackers and Recovery North LLC. It asserts Prime did not attempt to effectuate a prompt, fair, or equitable settlement when its insureds' liability had become reasonably clear.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 2**

In considering cross motions for summary judgment, the court views the evidence for each of the motions "in the light most favorable to the nonmoving party" for that motion and determines "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

## Background Facts

PK Willis offers, among other things, nationwide asset recovery services to lenders. As part of these services, PK Willis contracts with different local companies around the country to effectuate car repossessions. One such local company that PK Willis contracts with is Auto Trackers and Recovery North LLC.

In April 2019, PK Willis was hired by Santander Consumer USA Inc. ("Santander") to repossess a vehicle that was purchased/leased by Lucas Chaney and his family.[1] In turn, PK Willis hired Auto Trackers to effectuate the repossession. On April 29, 2019, Auto Trackers attempted to repossess the car. Its tow truck driver got into an altercation with the Chaneys outside their house. The vehicle was ultimately repossessed, after the police arrived.

On August 9, 2019, the Chaneys filed an underlying lawsuit in the Eastern District of Washington against PK Willis and Auto Trackers, asserting claims for violations of the Fair Debt collection Practices Act; violations of the Washington Consumer Protection Act; violations of the Uniform Commercial Code; assault and

---

[1] The Chaneys purchased a vehicle from a dealership in Spokane, Washington. Mr. Chaney and the dealership executed a written agreement that granted the dealership a security interest in the vehicle and provided for installment payments on the financed amount. The dealership assigned this contract, including the security interest, to Santander.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 3**

battery; and false imprisonment.[2] They alleged Auto Trackers and its employee, Mr. Grass, committed a series of offenses during the course of attempting to repossess the Chaney vehicle, including blocking the Chaneys' vehicle from leaving the drive, slamming the car door on their daughter's leg and knocking Mr. Chaney to the ground. PK Willis was alleged to be at fault based upon a theory of vicarious liability. Santander was also named in that action, which triggered defense and indemnity obligations by PK Willis, based on the contract it had with Santander.[3]

Auto Trackers tendered the claims to Prime. In response to the tender of the claims, Prime agreed to defend Auto Trackers and its employees under a reservation of rights. Prime agreed to defend PK Willis but refused to defend Santander. As a result, PK Willis defended Santander on its own, at its own expense.

On September 13, 2019, Prime issued reservation of rights letters to Auto Trackers and PK Willis, agreeing to defend Auto Trackers, as Prime's named insured, and PK Willis, as an additional insured under the Policy while its investigation continued. In the letter, Prime reserved its right to deny coverage

---

[2] 2:19-CV-272-SAB, *Chaney v. Auto Trackers, et al.*

[3] PK Willis and Santander asserted a cross-claim against Auto Trackers, seeking a declaration that Auto Trackers was required to provide for their defense and indemnification pursuant to a Master Services Agreement between PK Willis and Auto Trackers, and that Auto Trackers breached the MSA by failing to defend PK Willis and Santander. They alleged Auto Trackers owed contractual defense and indemnity obligations to PK Willis based upon its services agreement. PK Willis, in turn, owed defense and indemnity payment to Santander. As a result, both PK Willis and Auto Trackers had contractual obligations potentially owed to Santander.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 4**

based on the Policy's exclusions for (1) bodily injury or property damage; (2) claims arising out of assault and battery; and (3) statutory penalties, multiplied damages, or non-monetary relief.

On June 22, 2020, Prime issued supplemental Reservation of Rights to Auto Trackers and PK Willis. In July 2020, Prime also wrote to Auto Trackers advising of its coverage position regarding PK Willis's and Santander's cross-claim against Auto Trackers. It maintained its position that it would not defend Santander.

On August 27, 2020, counsel for Auto Trackers emailed Prime, recommending offering up to $45,000 to resolve the Chaneys' claims. On September 2, 2020, counsel for PK Willis provided an evaluation of the Chaneys' claims. They believed the Chaneys' claims damages were minimal but were unable to recommend any settlement authority due to lack of information.

On September 3, 2020, the Chaneys issued a written demand for $500,000. On that same day, Prime met with Auto Tracker's defense counsel and relayed that it believed there was very little exposure for the claims because the majority of the value was for the breach of peace claim, which is not covered. On September 9, 2020, Prime discussed the matter with counsel for PK Willis, again stating that it believed the claims were for the breach of peace. PK Willis' counsel had not done any work on the case but also questioned why the Chaneys' demand was so high.

On November 19, 2020, the first mediation occurred in the underlying action. The claims did not resolve at that time, in part, due to the fact that there was a pending Motion for Summary Judgment filed by PK Willis.[4] Additionally, the

---

[4] On June 10, 2021, the Court ruled on the PK Willis' Motions for Summary Judgment. It held that under the plain language of the contract Defendant Auto Trackers had a duty to defend Defendant PK Willis and its clients against any claims arising from or relating to Defendant Auto Trackers. It found Defendant Auto Trackers breached this duty by failing to tender a defense for Defendant

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 5**

Chaneys asserted for the first time that Mr. Chaney had surgery on his hip in September 2020, which costed around $61,000. Prime had extended an offer of $10,000.00 as contribution towards any global settlement.

Settlement negotiations continued. On June 23, 2021, counsel for Auto Trackers wrote to Prime, recommending settling the Chaneys' claims for up to $95,000.

On July 26, 2021, counsel for Auto Trackers wrote to Prime to address the coverage issues and contest Prime's position. The letter stated why coverage existed as to number of the allegations that were raised. This included the revised injury claims and potential contribution claims from PK Willis and Santander. In the response to the letter from Auto Trackers' Counsel, Prime again stated in its August 13, 2021, letter that most of the damages were not covered.

On August 4, 2021, counsel for PK Willis issued a recommendation to Prime. In that recommendation, counsel addressed the recent court rulings and requested $300,000 on authority to settle the claims against PK Willis. Counsel believed $300,000 was a reasonable amount for a global settlement. Auto Trackers' counsel also provided their evaluation to Prime that there was at least a $110,000 exposure on the underlying case. Counsel subsequently increased this recommendation to $200,000.

On August 13, 2021, Prime indicated it believed PK Willis and Auto Trackers would need to make significant contributions towards settlement.

Santander. The Court then found genuine issues of material fact exist regarding whether PK Willis should be held vicariously liable for the actions of Defendant Auto Trackers. Finally, the Court found, as a matter of law, breaching the peace while repossessing a vehicle is an unfair practice that affects the public interest.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 6**

A second mediation was held on August 20, 2021.[5] At this mediation, Prime offered $20,000 to settle the claims. The parties did not settle.

On August 23, 2021, the Chaneys' counsel presented a demand letter for requesting $275,000 to settle. In response to this demand, counsel for PK Willis and Santander wrote to Prime on August 23, 2021, and again on August 31, 2021, requesting that Prime undertake efforts to settle the claim for the $275,000 demand. Prime stated it would not agree to fund any such settlement.

On September 7, 2021, PK Willis agreed to settle for the reduced amount of $273,000. Later that day, Prime offered $40,000 to settle the matter, (including cross-claims and any insurance bad faith-related claims) if PK Willis and/or Auto Trackers were to match that amount. PK Willis paid the entire settlement amount.

## Legal Framework

### A.    Insurer's Duty of Good Faith

A duty of good faith of an insurer requires fair dealing and equal consideration for the insured's interest. *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 387 (1986). An insurer's duty to act in good faith is separate from their contractual coverage obligations to their insureds. *Safeco Ins. Co. v. Butler,* 118 Wash.2d 383, 393 (1992). A violation of this duty may give rise to a tort action for bad faith. *Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 484 (2003).

Under a reservation of rights, an insurance company has an enhanced obligation to its insured as part of its duty of good faith. *Id.* Under this enhanced obligation, the insurer must meet specific criteria: (1) it must thoroughly investigate the cause of the insured's accident and nature and severity of the injuries; (2) it must retain competent counsel for the insured; (3) it must fully

---

[5] On July 26, 2021, Prime filed a Declaratory Judgment Action against Auto Trackers and PK Willis in Utah. This case was ultimately dismissed on the basis of this Court being the proper forum to decide the coverage dispute.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 7**

inform the insured not only of the reservation of rights defense, but of all developments relevant to the policy coverage and progress of the lawsuit, including disclosure of all settlement offers made by the insurer; and (5) it must refrain from engaging in any action that would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk. *Id.*

An insurer owes its insured an affirmative duty to undertake a good faith effort to settle when an insured's liability is likely. *Moratti ex. Rel. Tarutis v. Farmers Ins. Co. of Wash.*, 162 Wash. App. 495, 502 (2011).

To succeed on a bad faith claim, a policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. *Smith*, 150 Wash.2d at 484. Whether an insurer acted in bad faith is a question of fact. *Id.* An insurer is entitled to dismissal on summary judgment on a bad faith claim "only if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances, or the insurance company is entitled to prevail as a matter of law on the fact or the insurance company is entitled to prevail as a matter of law on the facts construed most favorably to the nonmoving party." *Id.*

### B. Washington Insurance Regulations

Wash. Admin. Code § 284–30 covers unfair claims settlement and trade practices by insurance companies. *Coventry Assocs.*, 136 Wash.2d at 276. The purpose of WAC § 284–30 is, in part, to "define certain minimum standards which, if violated with such frequency as to indicate a general business practice, will be deemed to constitute unfair claims settlement practices." WAC § 284–30–300. The unfair practices listed in WAC § 284–30 include misrepresenting pertinent facts and refusing to pay without a reasonable investigation (WAC § 284–30–330), failure to disclose all relevant policy provisions (WAC § 284–30–350), and failure to state the specific grounds for denial of a claim (WAC § 284–30–380).

A violation of the insurance regulations (any subsection of WAC § 284-30-

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 8**

330) is a violation of the Consumer Protection Act. *Schiff v. Liberty Mutual Fire Ins. Co.*, 2 Wash.3d 762, 771 (2024); *see also Indus. Indem. Co. of the N.W. v. Kallevig*, 114 Wash.2d 907, 922 (1990) (holding a single violation of WAC § 284-30-330 is sufficient to support a CPA violation).

### C. Washington Insurance Fair Conduct Act

The Washington Insurance Fair Conduct Act ("IFCA") protects insureds against unfair practices by insurance companies. Wash. Rev. Code § 48.30.015. IFCA authorizes a cause of action to a first-party insured against an insurer who "unreasonably denie[s] a claim for coverage or payment of benefits. § 48.30.015(1).

### Analysis

Here, there are genuine issues of material fact as to whether Prime acted in bad faith or whether it acted reasonably in its investigation and handling of the claims, including its settlement positions and offers. There are genuine issues of material fact as to whether Prime violated the applicable regulations. Also, there are genuine issues of material fact as to whether Prime unreasonably denied coverage or benefits. As such, summary judgment is not appropriate, and it will be up to the jury to decide whether Prime acted reasonably and in good faith or whether it violated the Washington insurance regulations and statute.

//
//
//
//
//
//
//
//
//

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 9**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment, ECF No. 61, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 64, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 6th day of May 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 10**